[Civ. No. 20277. Second Dist., Div. Three. Dec. 30, 1954.]

CHARLES BITTICK, a Minor, etc., Respondent, v. JOSEPH R. BROWN, Appellant.

Thomas G. Neusom for Appellant.

Charles E. Taintor, Scott Weller and Joseph L. Hebbert for Respondent.

WOOD (Parker), J.—Action for damages for personal injuries allegedly resulting from an automobile collision. In

a nonjury trial, judgment was for plaintiff for $1,500. Defendant appeals from the judgment.

Appellant contends that the evidence was insufficient to support the judgment.

Plaintiff was not present at the trial, but his case was presented by his deposition. Plaintiff, 18 years of age, testified that he was driving a Ford automobile south on Normandie Avenue in Los Angeles, about 9 p. m., when the weather was clear. As he drove toward the intersection of Normandie Avenue and West Adams Boulevard at the rate of approximately 25 miles an hour, and when he was about 200 feet from the intersection, the signal light at the intersection (for traffic on Normandie) changed from red to green. As he approached the intersection he slowed down to 20 miles an hour, he looked both ways before he went into the intersection—looked to his left and saw two cars that were stopped along the safety zone on Adams, and then he looked to his right and did not see any cars approaching from the right on Adams. Then, while the light was still green, he proceeded "through [into]" the intersection and looked to his right and saw a car coming toward him, which car was about 50 feet away and was traveling between 40 and 60 miles an hour. That car hit the right quarter panel of plaintiff's car. Then plaintiff's car spun around twice in a clockwise motion, went upon the sidewalk at the southeast corner of the intersection, crashed into the side of a building, and came to rest partly upon the sidewalk and partly inside the building.

Plaintiff also testified that after his car came to rest his head was sore and bleeding, and he had a lot of pain. He was taken to the General Hospital where his ear was sewed with 15 stitches. He stayed at the hospital three days, and thereafter he returned to the hospital four times for treatments. As a result of the accident he has an inch-long scar on his chin, an inch-long scar on his head, and a scar on his ear. Since the accident he has had headaches which have continued to the time his deposition was taken.

Mr. Burns, called as a witness by defendant, testified that on the night of the accident he was selling papers at the northwest corner of said intersection. He did not see defendant's car go into the intersection. When plaintiff was about "halfway down Normandie" the traffic light started to change, and when plaintiff approached the intersection the signal was red, he passed the red signal, and he proceeded on through and the collision occurred.

Defendant testified that on the night of the accident he was driving a Cadillac automobile easterly on West Adams in the inside lane (for eastbound traffic). When he was about 100 yards from Normandie the traffic signals at the intersection were red (for traffic on West Adams), and he was traveling about 35 miles an hour. When he was about 100 feet from Normandie the signals turned green, and he was still traveling about 35 miles an hour and he proceeded on the highway. He saw plaintiff's automobile, and he put his brakes on and tried to avoid plaintiff. Plaintiff's automobile struck the left front of defendant's automobile, and turned defendant's automobile around.

The court found that defendant operated his automobile in such a negligent manner that it collided with plaintiff's automobile; and that as a direct and proximate result of the negligent conduct of defendant, as aforesaid, plaintiff suffered bodily injuries to his damage in the amount of $1,500.

Appellant's attorney says: ''Manifestly there is a conflict in the evidence, but the preponderance of the evidence of negligence was presented by the Appellant refuting any negligence on his part and affirmatively establishing negligence on the part of the Respondent.'' He also says that plaintiff had the burden of proving damages and he ''did not by a preponderance of the evidence establish injury beyond uncertainty and conjecture.''

In reviewing evidence on appeal, it is not a function of the reviewing court to consider the relative weight of conflicting evidence but its function is to determine the legal sufficiency of the evidence to support the findings (see cases cited in 6 West's Cal.Dig., Appeal and Error, p. 616, § 989d); and the reviewing court's power is limited to a determination whether substantial evidence supports the findings. (See cases cited in 6 West's Cal.Dig., Appeal and Error, pp. 611, 612, 613, § 989c.) The questions of negligence and damage were questions of fact for the determination of the trial court. It is clear that there was a substantial conflict in the evidence on the question of negligence, and that there was no evidence in conflict with plaintiff's evidence regarding the injuries suffered by him. The trial court resolved such conflict regarding negligence in favor of plaintiff, and it awarded damages based upon the uncontradicted evidence regarding plaintiff's injuries. The evidence amply supports the findings. The appeal is frivolous.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.